UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re* BROADWAY REALTY I CO., LLC

25 Civ. 8931 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Sheyne Hendricks here appeals an October 2, 2025 order of the United States Bankruptcy Court in the District, refusing to lift, in connection with her state-court personal injury action, the automatic stay attendant to the bankruptcy proceeding above. She argues that that ruling was an abuse of discretion. For the reasons that follow, the Court affirms the Bankruptcy Court's order.

## I. Background

On August 8, 2023, Hendricks sued 330 Realty NY LLC ("330 Realty") and non-debtor Pinnacle Group NY LLC in New York State Supreme Court in Brooklyn. *See Hendricks v. 330 Realty NY LLC et al.*, No. 23 Civ. 522892 (N.Y. Sup. Ct. Kings County 2023) (the "State Court Action"). Hendricks claimed there that she had sustained personal injuries on or near a property owned by 330 Realty. *See* Dkt. 9-7 at 140–41.

On May 21, 2025, 330 Realty and 81 affiliates each filed a voluntary petition for bankruptcy in this District, under Chapter 11 of the Bankruptcy Code. Dkt. 9-6 at 42–70. The petitions are being jointly administered. *Id.*

Under section 362 of the Bankruptcy Code, the filing of a Chapter 11 bankruptcy petition automatically stays most judicial proceedings against the debtor. 11 U.S.C. § 362(a)(1). The automatic-stay provision prevents the commencement or continuation of any action against the

debtor that was or could have been commenced before the bankruptcy action was initiated. *Id.*; *see also In re MacInnis*, 235 B.R. 255, 259 (S.D.N.Y. 1998). The automatic-stay provision undisputedly applies to the State Court Action.

On September 3, 2025, Hendricks moved before the Honorable David S. Jones, United States Bankruptcy Judge, for relief from the automatic stay, with respect to the State Court Action. *In re Broadway Realty I Co., LLC*, No. 25–11050 (Bankr. S.D.N.Y.) ("Bankr. Action"), Dkt. 452. Hendricks amended that motion on September 25, 2025. Bankr. Action Dkt. 553.

On September 30, 2025, Judge Jones held a hearing at which counsel presented facts and argued the motion. *See* Bankr. Action Dkt. 574 ("Hearing Tr.") at 4–10. From the bench, Judge Jones applied the relevant factors, drawn from *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990), and held relief from the stay unwarranted. Hearing Tr. at 10–13. In a later order, Judge Jones memorialized that ruling. Bankr. Action Dkt. 573. Hendricks's appeal followed.

## II. Discussion

### A. Legal Standards Governing Bankruptcy Appeals

District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a) ("[D]istrict courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges."). This Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *W. Milford Shopping Plaza v. The Great Atl. & Pac. Tea Co. ("In re Great Atl. & Pac. Tea Co.")*, No. 14 Civ. 4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015) (quoting *In re DPH Holdings Corp.*, 468 B.R. 603, 611 (S.D.N.Y. 2012)).[1]

[1] The quoted language was in former Federal Rule of Bankruptcy Procedure 8013, but was omitted from the amended Federal Bankruptcy Rules of Procedure, effective December 1, 2014.

A bankruptcy court's denial of a motion to lift the automatic stay is reviewed for abuse of discretion. *In re Sonnax*, 907 F.2d at 1286; *see also Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, No. 5 Civ. 5704, 2006 WL 2255071, at *2 (S.D.N.Y. Aug. 4, 2006) ("The Bankruptcy Court's decision should not be disturbed on appeal where the record shows that court considered the appropriate factors for determining whether cause for relief from the stay exists.").

**B. Analysis**

**1. Automatic Stays: Purposes and Standards**

The automatic-stay provision serves dual purposes. It promotes judicial economy by allowing the bankruptcy court to centralize disputes concerning property in the debtor's estate, so that reorganization can proceed efficiently and "unimpeded by uncoordinated proceedings in other cases." *In re Great Atl. & Pac. Tea Co.*, 467 B.R. 44, 51 (S.D.N.Y. 2012) (quoting *Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2d Cir. 1990)). And it protects debtors by giving them "breathing room from the claims of its creditors." *Id.*; *see also In re Ionosphere Clubs, Inc.*, 922 F.2d at 989; *In re Enron Corp.*, 314 B.R. 524, 533–34 (Bankr. S.D.N.Y. 2004) (automatic-stay provision is a "fundamental debtor protection"). In light of these purposes, the automatic stay sweeps broadly. *See In re AP Indus., Inc.*, 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990) ("Congress intended that the scope of the automatic stay be broad in order to effectuate its protective purposes on behalf of both debtors and creditors.").

Courts may grant relief from an automatic stay "for cause." 11 U.S.C. § 362(d). The movant bears the initial burden of showing cause. *See In re Sonnax*, 907 F.2d at 1285. Courts in the Second Circuit are guided in the "cause" inquiry by the factors articulated in *In re Sonnax*,

---

Nevertheless, "logic still compels the same conclusion with respect to the appellate powers of the District Court." *In re Great Atl. & Pac. Tea Co.*, 2015 WL 6395967, at *2 n.1.

907 F.2d 1280 (2d Cir. 1990). Not all these factors are relevant in every case. *See In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).

**2. Evaluation of the Automatic Stay Here**

The Court has reviewed the Bankruptcy Court's reasons for declining to lift the automatic stay, as set out in the transcript of the September 30, 2025 hearing. *See* Hearing Tr. at 10–13. Far from being an abuse of discretion, the Bankruptcy Court properly applied the *Sonnax* factors in rejecting Hendricks' motion for relief.

The Bankruptcy Court identified the following *Sonnax* factors as relevant to this case: (1) whether the State Court Action might interfere with the bankruptcy case; (2) whether 330 Realty's insurer has assumed full responsibility for defending it; (3) whether the State Court Action primarily involves third parties; (4) the interests of judicial economy and the expeditious and economical resolution of litigation; (5) whether the parties are ready for trial in the State Court Action; and (6) the impact of the stay on the parties and the balance of harms. Hearing Tr. at 10–13; *see also In re Mazzeo*, 167 F.3d at 143; *In re Sonnax*, 907 F.2d at 1286.

Applying these factors, the Bankruptcy Court identified numerous reasons to maintain the stay. The indemnification obligation of 330 Realty's insurer, it noted, would not ripen until 330 Realty had paid $250,000 toward claims. Hearing Tr. at 9–10. Lifting the stay would thus require 330 Realty to expend defense costs in connection with the State Court Action, interfering with the debtors' efforts to reorganize. *Id.* at 11. Moreover, the Court noted, the insurer had not assumed full responsibility for defending 330 Realty, putting more of an onus to do so on 330 Realty. *Id.* The State Court Action did not appear to be close to trial.[2] *Id.* at 12. And the State Court Action did not primarily involve third parties, who could claim harm from the stay. *Id.* at

[2] At the time the automatic stay took effect, the State Court Action was in the discovery phase. *See* Dkt. 9 at 13; Hearing Tr. at 8 ("most, if not all[,] discovery" complete).

11. The Court also expressed concern that lifting the stay would invite other pre-petition claimants, not just Hendricks, to seek relief from the stay. *Id.* at 11–12. Balancing the various considerations, the Bankruptcy Court concluded that the harm to Hendricks from delayed resolution of her personal-injury action was outweighed by the potential adverse impact on 330 Realty, its debtor-affiliates, and the bankruptcy proceeding, were prepetition claims like Hendricks' permitted to move forward "in a non-coordinated, unrestrained fashion." *Id.* at 12.

The Bankruptcy Court acknowledged the "unfortunate reality" that the automatic stay can require litigants like Hendricks to "wait for a resolution of their entitlements," but it noted that there is "good reason" for that: to assure the orderly resolution of claims against debtors through the bankruptcy process. *Id.* at 10, 12. It concluded by finding that the *Sonnax* factors weighed in favor of "protect[ing] that process" in this case. *Id.* at 12.

The Bankruptcy Court thus "considered the appropriate factors for determining whether cause for relief from the stay exists." *In re WorldCom Inc.*, 2006 WL 2255071, at *2. Its decision was sound and well-reasoned and well within its considerable discretion.

**CONCLUSION**

For the foregoing reasons, the Court affirms the ruling of the Bankruptcy Court. The Court respectfully directs the Clerk of Court to close this case.

SO ORDERED.

Paul A. Engelmayer

Paul A. Engelmayer
United States District Judge

Dated: September 21, 2026
New York, New York